UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PALMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:24-cv-00485-BAM<br><br>**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Docs. 12, 13) |

## **INTRODUCTION**

Plaintiff Anthony Palmer ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence as a whole and is not based upon proper legal standards.  Accordingly, Plaintiff's appeal from the administrative

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 7, 9, 10.)

decision of the Commissioner of Social Security is granted, the Commissioner's cross-motion and request to affirm the agency's determination to deny benefits is denied, and judgment will be entered in favor of Plaintiff Anthony Palmer.

## **FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed an application for disability insurance benefits July 29, 2021, and an application for social security income on September 23, 2021.  AR 18, 143-49, 323-331.[2]  Plaintiff alleged he became disabled on June 14, 2021, due to depression, schizophrenia, and anxiety.  AR 346.  Plaintiff's applications were denied initially and on reconsideration.  AR 113, 141, 150-54, 161-65.  Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Thomas J. Sanzi issued an order denying benefits on August 25, 2023.  AR 15-27, 33-86.  Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

### **Relevant Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### **The ALJ's Decision**

On August 25, 2023, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 18-27.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2021, the alleged onset date.  AR 20.  The ALJ identified the following severe impairments:  major depressive disorder; general anxiety disorder; and schizophrenic disorder.  AR 20-21.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 21-22.  Based on a review the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:  can understand and perform simple, routine tasks; can

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

perform low-stress jobs, defined as those having only occasional decision making required and only occasional changes in the work setting; can occasionally interact with the public and coworkers; cannot perform work that has a production rate and cannot perform pace work, such as assembly line work, but can perform goal-oriented work that can be checked at the end of the work period. AR 23-25.  With this RFC, the ALJ determined Plaintiff could perform his past relevant work as a laborer and office helper.  Additionally, the ALJ determined that there were other jobs existing in the national economy that Plaintiff could perform, such as kitchen helper, hospital cleaner, and cook helper.  AR 25-27.  The ALJ therefore concluded that Plaintiff had not been under a disability from June 14, 2021, through the date of the decision.  AR 27.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment

which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[3]

Plaintiff contends that the ALJ failed to: (1) provide clear, convincing, and well-supported reasons for discounting Plaintiff's allegations of mental dysfunction; (2); properly evaluate the treating medical source opinion of Plaintiff's psychologist, Robert Sheldon, Ph.D.; and (3) failed to develop the record further by obtaining an updated medical opinion instead of serving as his own medical expert. (Doc. 12 at 8.)

**A. Subjective Complaints**

Plaintiff argues that the ALJ failed to present specific, clear, and convincing reasons for discounting Plaintiff's allegations of mental dysfunction. (Doc. 12 at 13.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

be expected to cause the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 24. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

In this case, the ALJ summarized Plaintiff's testimony to include that he "has hallucinations," "a difficult time in crowds and is paranoid," "has difficulty talking to others, has intrusive memories, and nightmares," "does not sleep much or eat much," "does not go to the grocery store," "requires reminders for daily activities and medical care," and "has difficulty following instructions." AR 23. The ALJ then summarized the medical evidence of record. Based on the medical evidence, the ALJ concluded that Plaintiff "remains capable of work activity." AR 24. The ALJ explained:

> The record does confirm psychiatric impairments along with reports of hallucinations, although the claimant never objectively demonstrated any psychosis. Although the claimant did present to the emergency room in January 2022, he reported that his treatment had not been sufficient for his symptoms. Further, once stabilized in the hospital, the claimant's symptoms decreased, and again, no active psychosis was ever noted. As noted, the claimant then resumed consistent psychiatric care thereafter, but only for six months. The claimant did demonstrate improvement in symptoms with consistent care, as described. As further noted, the claimant was inconsistent with therapy and did not return after June 2022 (Exhibit 15F). Although an increase in symptoms are noted after the claimant resumes care in January 2023, he denied suicidal ideations. The record does not indicate further treatment after March 2023, and he was noted as unreachable in April 2023 (Exhibit 10F/1). Of note, although the claimant testified to an inability to do much in the home and care for himself, he reported an ability to do so in March 2023 (Exhibit 5F).

AR 24-25.

The Court finds that the ALJ failed to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. First, the ALJ appears to have discounted Plaintiff's reports of hallucinations because, while "the record confirmed psychiatric impairments along with reports of hallucinations, . . . the claimant never objectively demonstrated any psychosis" and "no active psychosis was ever noted." AR 24. An ALJ may properly discount a claimant's testimony based on a lack of supporting or corroborating medical evidence, but that cannot be the sole basis for discounting testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining "lack of medical evidence cannot form the sole basis for discounting pain

testimony"); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) (concluding that "an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). Here, however, the ALJ's determination that the record lacked evidence of psychosis is not supported. For example, from January 18, 2022, through January 21, 2022, Plaintiff was placed on an involuntary psychiatric hold (5150) as a danger to himself, with complaints of auditory and visual hallucinations. AR 802-03, 968. A psychological assessment completed at the time indicated that Plaintiff's mood was suspicious, anxious, angry, and irritable, and that he had visual and auditory (command) hallucinations, delusions, homicidal ideation, preoccupations, and suicidal ideations. AR 803. On January 19, 2022, during the hold, it also was noted that "[d]ue to ongoing suicidal ideations, psychosis and increased depression," Plaintiff was "not able to contract for safety outside of the hospital at this time." AR 885. Plaintiff continued to endorse hallucinations on January 19 and 20, 2022. AR 891, 895, 898. On January 20, 2022, Dr. Manolito Castillo noted on mental status examination that Plaintiff "has command hallucination telling him to harm himself," but no active delusions were observed. AR 875. Plaintiff was discharged on January 21, 2022. AR 968.

Subsequently, during a psychiatric evaluation on January 27, 2022, Dr. John Schaeffer indicated that Plaintiff's mental health symptoms of "psychosis, anxiety and depression impact [his] ability to go out in the community as he would like." AR 712. Dr. Schaeffer further noted that Plaintiff "experiences the following mh sx of psychosis 7 days per week since early adolescence: AH, VH, olfactory hallucinations, tactile hallucinations, negative sx diminished emotional expression, diminished ability to care for self, complete ADLs), delusions and paranoia." *Id.* In January 2023, mental status evaluation findings identified auditory, visual, and command hallucinations, and Plaintiff was noted to have experienced audio and visual hallucinations during the assessment. AR 695-97. In March 2023, Plaintiff was placed on another 5150 psychiatric hold, with visual and auditory hallucinations noted on initial mental status examination. He also was anxious with impaired judgment and paranoia. AR 686-94. Based on this record evidence, including identification of psychosis, the Court finds that the ALJ's decision to discount Plaintiff's subjective complaints as unsupported by the medical record

was not a specific, clear and convincing reason.

Second, the ALJ apparently discounted Plaintiff's subjective complaints because of "demonstrated improvement in symptoms with consistent care." AR 25. The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be effectively controlled with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *accord Evans v. Comm'r of Soc. Sec.*, No. 2:22-cv-435-KJN, 2023 WL 3570083, at *10 (E.D. Cal. May 19, 2023) (concluding ALJ properly rejected plaintiff's severe symptom testimony based, in part, on findings that medication controlled some of her mental health symptoms). However, the Ninth Circuit has cautioned that ALJs err where they rely on individual points of improvement rather than a record of sustained improvement. *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("Although the ALJ pointed to isolated signs of improvement, the ALJ could not find medical improvement on that basis unless the ups and the downs of [plaintiff's] development showed *sustained* improvement."). The Ninth Circuit also has explained that symptoms of mental impairments "wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. "Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.* (citing *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect [his] ability to function in a workplace."); *see also Jana D. R. v. Saul*, No. 5:20-CV-01098-AFM, 2021 WL 2826436, at *4 (C.D. Cal. July 7, 2021) (finding that ALJ erred by discounting plaintiff's testimony based upon effective treatment where the "record reflects that Plaintiff's treatment provided only limited periods of relief from her pain and did not effectively

7

control Plaintiff's pain.").

Although the ALJ here noted some periods of improvement with treatment, the broader record suggests that those improvements were not sufficiently sustained in order to discount Plaintiff's allegations. Indeed, the ALJ's own discussion of the record acknowledged that when Plaintiff "present[ed] to the emergency room in January 2022, he reported that his treatment had not been sufficient for his symptoms." AR 25; *see also* AR 806 ("He reports taking medications . . . but feels they are ineffective."). Additionally, while remarking on a break in treatment after June 2022, the ALJ acknowledged that even after Plaintiff resumed care in January 2023 "an increase in symptoms are noted." AR 25; *see also* AR 697-98, 714. And, according to the record, even after resuming treatment, Plaintiff was brought to the hospital for a psychiatric hold in March 2023, because his therapist believed him to be suicidal. AR 24; *see also* AR 686-94. Given that the record does not reflect sustained improvement, and includes at least two hospitalizations for Plaintiff's mental health impairments during the relevant period, effective treatment was not an appropriate basis for discounting Plaintiff's subjective testimony. *See Garrison*, 759 F 3d at 1018 (determining "ALJ erred in concluding that a few short-lived periods of temporary improvement in [plaintiff's] mental health symptoms undermined [plaintiff's] testimony").

Third, the ALJ appears to discount Plaintiff's subjective complaints based on a reported ability to care for himself. AR 25, citing AR 686-94  An ALJ is "permitted to consider daily living activities" in addressing a Plaintiff's subjective statements. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Daily activities "form the basis for an adverse credibility determination" when: (1) the daily activities contradict the claimant's other testimony or (2) the daily activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (factors to consider in evaluating a claimant's statements include "whether the claimant engages in daily activities inconsistent with the alleged symptoms" and whether "the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting").

Here, the ALJ noted that "although the claimant testified to an inability to do much in the

home and care for himself, he reported an ability to do so in March 2023." AR 25, citing AR 686 ("Fiancé cooks, cleans tells him when to take his meds and when he needs to shower even though he's capable of doing it himself."). At best, the cited evidence reflects that Plaintiff was able to perform certain activities of daily living, such as showering and taking his medications, *with reminders*, not that he was able to do so independently. The statement is consistent with testimony in the record that Plaintiff does not accomplish his activities of daily living without reminders. To that end, both Plaintiff and his fiancée provided testimony that Plaintiff requires reminders to take a shower, eat, feed his dogs, take his medication, or do household chores. AR 68-69, 71, 352-53, 376-77.

Critically, the ALJ did not make a determination that Plaintiff's daily activities conflicted with Plaintiff's statements that he requires reminders to complete his activities of daily living, nor did the ALJ make any specific findings as to how or whether Plaintiff's limited activities transfer to a work setting. *See Orn*, 495 F.3d at 639. Even if Plaintiff were capable of performing household chores and self-care activities without reminders, this is insufficient to discount his subjective symptom testimony. The limited activities identified do not constitute a clear and convincing reason to discount Plaintiff's statements. *See Blau v. Astrue*, 263 F. App'x 635, 637 (9th Cir. 2008) (noting daily household chores and grocery shopping are not activities that are easily transferable to a work environment); *Smith v. O'malley*, No. 1:21-CV-0312 JLT BAM, 2024 WL 1253852, at *5 (E.D. Cal. Mar. 25, 2024) (indicating limited activities, including grocery shopping, watching television, reading, cooking, preparing food, and doing chores, did not constitute clear and convincing reason to discount claimant's statements).

Fourth, the ALJ appears to have discounted Plaintiff's subjective complaints because he had several no-show appointments, and had an increase in symptoms when he stopped taking his medications. Although a lack of compliance with a course of treatment may be a reason to discount the severity of an individual's symptoms, the ALJ must "consider[ ] possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Erica B. v. Dudek*, No. 2:23-CV-10823-SP, 2025 WL 958596, at *3 (C.D. Cal. Mar. 30, 2025) (citation omitted). As discussed, the record reflects that Plaintiff required reminders to

9

take his medications and complete daily activities. It therefore would not be unreasonable to assume Plaintiff's difficulty in remaining compliant or in attending appointments could be related to his inability to complete certain tasks without reminders. *See Garrison*, 759 F.3d at 1018 n.24 (9th Cir. 2014) ("we do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions.") (citation omitted). The Ninth Circuit has observed that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citations and quotations omitted). "Missed appointments, the waxing and waning of symptoms over time, and inconsistent compliance with medication are all widely understood to be symptomatic of chronic mental illness." *La Paz v. Colvin*, No. 2:15-CV-00685 AC, 2016 WL 4943810, at *8 (E.D. Cal. Sept. 16, 2016). Further, the ALJ failed to explain how Plaintiff's apparent noncompliacne with medications and his missed appointments undermined Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1138-39 (9th Cir. 2014) (finding that the ALJ committed legal error because he "never connected the medical record to Claimant's testimony" nor made "a specific finding linking a lack of medical records to Claimant's testimony"); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding legal error because the ALJ "failed to identify the testimony she found not credible [and] she did not link that testimony to the particular parts of the record supporting her non-credibility determination").

**B. Remedy**

Given the identified error, the Court must decide the appropriate remedy. The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020. Here, the record is not fully developed, and because it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the

decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments regarding the evaluation of Dr. Sheldon's opinion and any duty to develop the record further, both of which can be addressed, as necessary, on remand.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

### III.  Conclusion and Order

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly,

1. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security (Doc. 12) is GRANTED.
2. The Commissioner's request to affirm (Doc. 13) is DENIED.
3. The agency's determination to deny benefits is REVERSED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(b) for further proceedings.
4. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Anthony Palmer and against Defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:  **July 2, 2025**              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE